THE MAYOR AND ALDERMEN OF .JERSEY CITY v. THE STATE BOARD OF TAXATION AND THE CONTINENTAL TOBACCO COMPANY.

THE P. LORILLARD COMPANY v. THE MAYOR, &c., OF JERSEY CITY AND THE STATE BOARD OF TAXATION.

Argued June 8, 1903—Decided November 9, 1903.

Under the acts of March 11th and March 28th, 1895 (*Pamph. L.. pp.* 259, 760), appeals to the state board of taxation, either by the taxpayer or by the city, must be made on or before the first day of April next after assessment originally made, or the assessment must have been made within one year before filing the complaint, to give the state board jurisdiction.

---

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the city, *John W. Queen.*

For the companies, *Brinkerhoff & Fielder.*

The opinion of the court was delivered by

VAN SYCKEL, J.   These cases were argued together.

The state board of taxation, on appeal by the Continental Tobacco Company, reduced the assessment against it from $250,000 to $1,000.

Thereupon, upon the application of the mayor and aldermen of Jersey City, the state board increased the assessment against the P. Lorillard Company by the sum of $250,000, upon the ground that the property which had been assessed against the Continental company at $250,000 really belonged to the P. Lorillard Company.

The action of the state board in reducing the assessment against the Continental company is certified into this court for review by the mayor and aldermen of Jersey City, and the increase of the assessment of the P. Lorillard Company is certified into this court by that company.

The legislation pertinent to the disposition of the questions involved in these cases is as follows:

*First.* The act of March 19th, 1891, creating the state board of taxation. *Gen. Stat., p.* 3344.

The second section of that act provides that upon the application in writing of any person or corporation the said board shall have power to reduce the assessment, and that such reduction may be made of any assessment made after the passage of said act, or which shall have been made since January 1st, 1890.

That act also gives the said board power to secure the equalization, revision and enforcement of taxation.

*Second.* The act of 1894 (*Gen. Stat., p.* 3347), which authorizes the state board to increase assessments.

*Third.* The act of March 11th, 1895 (*Pamph. L., p.* 259), which provides that all appeals to the state board shall be filed with said board on or before the 1st day of April next following the assessment appealed from.

*Fourth.* The act of March 11th, 1895. *Pamph. L., p.* 260.

The first section of this act provides that where the state board reduces the assessment, the party or corporation whose

assessment is reduced shall have thirty days from the date of signing the order for reduction in which to pay the taxes so reduced, without any additional charge for interest or penalties on the amount of the assessment as fixed by said board.

The second section provides that where the state board increases the assessment, the person or corporation whose assessment is increased shall have the like thirty days in which to pay it, without any additional charges for interest or penalties.

*Fifth.* The act of March 28th, 1895 (*Pamph. L., p.* 760), authorizes the state board, on application of any person or corporation, to reduce any assessment made after the passage of the act, or which shall have been made within one year before filing the written application for reduction; and it further provides that all assessments so reviewed shall bear interest from the time fixed for payment by the law under which said assessments were originally made until paid, upon the amount fixed by the state board.

The four acts last cited are supplements to the General Tax act of March 19th, 1891. *Pamph. L., p.* 189.

The act of March 28th, 1895, repeals the first section of the act of March 11th, 1895, in so far as it exempts the reduced assessment from liability to additional charge for interest or penalties.

But it does not repeal the act of March 11th, 1895 (*Pamph. L., p.* 259), requiring appeals to be made to the state board on or before the 1st of April next after the assessment is made.

The act of March 28th, 1895, authorizes the state board, on application of the taxpayer, to reduce any assessment made after the passage of the act, or which shall have been made within one year before filing the written application for reduction.

This must be regarded as a substitution for the second section of the act of 1891 (*Pamph. L., p.* 189), leaving the provision with respect to after assessments in the act of March

28th, 1895, subject, as it was in the said act of 1891, to the limitation contained in the act of March 11th, 1895. *Pamph. L., p.* 259. A purpose may be found in this legislation to limit the time in all cases in which the taxpayer may appeal, which will uphold the act of March 11th, 1895. *Pamph. L., p.* 259.

A different construction will confer upon the taxpayer an unlimited time in which to appeal to the state board from assessments made after the passage of the act of March 28th, while it limits the time in which the city may appeal to the state board to increase assessments to the 1st of April next after the assessments are made.

The assessment against the Continental company was made April 20th, 1900, and the complaint to the state board was made June 4th, 1901.

Under the act of March 11th, 1895, it must have been made on or before April 1st, 1901, or the assessment must have been made within one year before filing the complaint to entitle said company to a reduction. The right of appeal, therefore, was lost, and the appellant was not entitled to a review.

The 'act' of the state board in making the reduction was without authority, and must be set aside and the assessment restored to the said sum of $250,000.

The assessment against the P. Lorillard Company was made in April, 1900.

By the act of March 11th, 1895 (*Pamph. L., p.* 259), complaint must have been made by the city to the state board on or before April 1st, 1901, but it was not made until November, 1901, and therefore gave no authority to the state board to increase the assessment.

The order of the state board increasing the assessment of the P. Lorillard Company must be set aside.

Costs will not be allowed in either case.